SCOTT CAREY, Respondent, v. J. S. GOSSOM, Appellant.

Springfield Court of Appeals, February 28, 1920.

1. **CONTRACTS: Attorney's Agreement to Divide Fees With Deputy Constable Looking up Witnesses, etc., Void.** Under Laws 1915, page 100, section 3. attorney's contract with deputy constable, who looked up witnesses and helped to prepare defense, to divide whatever fee he could get for defending his client, who was charged with the commission of a crime, was illegal, contrary to public policy, and not enforceable, regardless of whether there was any particular intention to circumvent justice by the agreement so made.

2. **SHERIFFS AND CONSTABLES: Deputy Constable Has no Right to Hire Services to a Defendant Charged with Crime.** A deputy constable, who was hired and paid by the State, has no right to hire out his services and talents to a defendant in a State case.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

REVERSED.

*Ward & Reeves,* for appellant.

*S. J. Corbett,* for respondent.

FARRINGTON, J.—The plaintiff brought suit in a justice court against the defendant on the following statement:

"6-13-18. J. S. Gossom, Dr., to Scott Carey, Cr. Feb.——,1918—To services rendered at the request of J. S. Gossom, in looking up witnesses and help-

ing to prepare defense in the case of State of Missouri v. Sarah Carter, alias Sarah Morgan, $25.00.''

A judgment was rendered in plaintiff's favor for $25, and the cause was afterwards taken to the circuit court on appeal where a trial was had and the jury found in plaintiff's favor for $25, and judgment was rendered accordingly.

The contract upon which the plaintiff in this case brings suit is clearly an illegal contract, contrary to public policy, and one upon which no cause of action can be maintained. According to his own version of the transaction he was a Deputy Constable in Pemiscot County, Missouri, and says that J. S. Gossom, the defendant, who was a practicing attorney at law, came to him and agreed to divide whatever fee he, J. S. Gossom, could get for defending and clearing one Sarah Morgan who was charged with robbery and whose case was pending in the circuit court of Pemiscot county.

A statute has been passed in Missouri, found in Session Acts of 1915, section 3, page 100, creating a penalty for any licensed attorney in the State of Missouri to divide fees or compensation received by him in the practice of the law or in doing law business with any person not a licensed attorney. Prior to such statute, contracts similiar to the one at bar were held unlawful and against public policy.

''A deputy constable who is hired and paid by the State of Missouri has no right to hire out his services and talents to a defendant in a State case. All such contracts are universally condemned, as will be seen by referring to 13 Corpus Juris, pages 445 and 446, where there will be found a multitude of cases condemning such transactions. Whether there was or was not any bad intention to circumvent justice by the agreement which was made, we do not pass upon, but if such contracts were permitted to be made and enforced between officers of the law who are paid to look

after the State's interest and attorneys representing parties charged with a crime, the door would be thrown open to all kinds of rascality.

The judgment will, therefore, be reversed.

*Sturgis, P. J.,* and *Bradley, J.,* concur.